IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-00291-PAB

EMANUEL PITTMAN,

    Plaintiff,

v.

JEFF LONG,
ROLAND JACKSON,
MITCHELL,
WEAVER,
DEAN WILLIAMS,
ORIN,
BARNES,
VASQUEZ, and
DORSEY,

    Defendants.

_____

## ORDER
_____

This matter is before the Court on plaintiff's pleading captioned Emergency Court Out of State Removal [Docket No. 38], which the Court will construe as a motion for preliminary injunction.[1] In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

---

[1] An identical pleading has been filed in 23-cv-03282-SBP, Docket No. 5. This order does not pertain to that case.

## I. BACKGROUND

Plaintiff Emanuel Pittman is an inmate at the Colorado State Penitentiary ("CSP") in Cañon City, Colorado, Docket No. 19 at 2, which is part of the Colorado Department of Corrections ("CDOC"). When Mr. Pittman initiated this action on February 1, 2023, he was housed at the Sterling Correctional Facility ("SCF"). Docket No. 1 at 2. Mr. Pittman was moved to CSP on May 19, 2023. *Id.* at 9. He was housed at CSP when he filed the operative complaint ("the complaint"), on September 29, 2023. *Id.* at 2. The complaint brings one claim, violation of Mr. Pittman's Eighth Amendment rights by limiting his access to outdoor exercise and out-of-cell time, against fifteen defendants in their official and individual capacities. *Id.* at 2-27. The complaint alleges that nine of the defendants—Long, Dorsey, Jackson, Mitchell, Weaver, Orin, Barnes, Vasquez, and Williams ("SCF Defendants")— were personally responsible for Mr. Pittman not receiving enough outdoor exercise and out-of-cell time while Mr. Pittman was incarcerated at SCF. *Id.* at 10-20. It alleges that six other defendants—Sandaval, Martinez, Londonberg, Powell, Montez, and Stancil ("CSP Defendants")— were personally responsible for Mr. Pittman not receiving enough outdoor exercise and out-of-cell time at CSP. *Id.* at 21-27.

The complaint seeks the following relief: (1) a declaration that the actions alleged in the complaint violate the Constitution and laws of the United States; (2) compensatory, nominal, and punitive damages; (3) recovery of costs; (4) an order requiring CDOC to pay for a consultation for mental health treatment of Mr. Pittman's choice; and (5) preliminary and permanent injunctions ordering CDOC to stop all ADA violations against Mr. Pittman. *Id.* at 31.

On November 14, 2023, Magistrate Judge Susan B. Prose evaluated the complaint pursuant to her duties under Local Rule 8.1 and issued several recommendations. Docket No. 24; *see* Docket No. 23 at 1 (designating Judge Prose to perform duties set forth under Local Rule 8.1); D.C.COLO.LCivR. 8.1(b)(2) ("A judicial officer . . . shall review the pleadings of a prisoner . . . to determine whether the pleadings should be dismissed summarily if the prisoner is . . . seeking redress from a governmental entity, officer, or employee."). First, Judge Prose found that Mr. Pittman's claims against all defendants in their official capacities for monetary and declaratory relief were barred by the Eleventh Amendment. Docket No. 24 at 5-6. Second, Judge Prose found that Mr. Pittman's transfer out of SCF rendered his claim against the SCF Defendants moot insofar as it seeks prospective injunctive relief. *Id.* at 6-8. Finally, Judge Prose found that Mr. Pittman's claim as asserted against the SCF Defendants and his claim as asserted against the CSP Defendants did not arise out of the same transaction, occurrence, or series of transactions or occurrences because the allegations concerning each group of defendants describe "conduct that occurred at different CDOC facilities, under different correctional management." *Id.* at 9. For this reason, Judge Prose found that permissive joinder of Mr. Pittman's claims against the two sets of defendants is not appropriate under Federal Rules of Civil Procedure 18(a) and 20(a)(2). *Id.* Accordingly, Judge Prose recommended that: (1) the official capacity claim asserted against the SCF Defendants for monetary and retrospective declaratory relief be dismissed without prejudice based on Eleventh Amendment immunity; (2) the claim asserted against the SCF Defendants for prospective injunctive relief be dismissed without prejudice as moot; and (3) that the claim asserted against the CSP

Defendants be severed and a new action against the CSP Defendants be opened. *Id.* at 10-11.

No party objected to Judge Prose's recommendation. On December 11, 2023, Senior Judge Lewis T. Babcock accepted Judge Prose's recommendation in full. Docket No. 26 at 3. Accordingly, the only defendants remaining in this case are the SCF Defendants and the only portion of Mr. Pittman's claim that remains in this case is the portion that seeks monetary relief from the SCF Defendants in their individual capacities.[2] *Id.* The SCF defendants have waived service, Docket Nos. 30, 34, but they have not entered appearances.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian*

---

[2] The Clerk of Court has opened new civil action, No. 23-cv-03282-SBP, against the CSP Defendants.

*Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## III.  ANALYSIS

Mr. Pittman's motion for preliminary injunction concerns three incidents, two of which occurred in December 2023. Docket No. 38 at 1-2. The motion states that on December 12, 2023, Mr. Pittman was "put in the hole" and had a loaner TV taken away, which has not been returned. *Id.* at 1. The motion also states that "it was approve [sic] and order [sic] that my incoming legal mail be opened and read in the Unit office before they brung [sic] it to me." *Id.* The motion does not state who was responsible for these actions. In addition, the motion alleges that "Warden Sandaval ordered and approval [sic] of harassment to raise my custody level to High Risk," though it does not state when this incident took place. *Id.*

The motion seeks the following relief: (1) that Mr. Pittman "be immediately moved out of state until such time that the Governor and Attorney General can fix this lawless prison;" (2) that the Court "order proper medications be issued;" (3) that Mr. Pittman be issued 4 hours a day out of cell time and 1 hour outside fresh air 7 days a week; (4) that Mr. Pittman have access to de-escalation time when requested; (5) that Mr. Pittman have access to peer mentor assistance upon request; (6) that Mr. Pittman have access to G.E.D. program; (7) that Mr. Pittman's "rights be enforced and all mental, physical, and emotional harassment stop;" and (8) that legal mail not be opened outside Mr. Pittman's view. *Id.* at 2-3.

Mr. Pittman's request for a preliminary injunction is deficient for two reasons. First, an injunction can only bind "the parties[,]. . . the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with others bound by the injunction. Fed. R. Civ. P. 65(d)(2)(A)-(C). The only individual named in Mr. Pittman's motion is Warden Sandaval, the warden of CSP, Docket No. 38 at 1-2, who is no longer a defendant in this case. *See* Docket No. 26 at 3. Mr. Pittman does not allege that Warden Sandaval is the officer or employee of any defendant that remains in this case or that Warden Sandaval is acting in concert with the defendants that remain in this case. *See* Fed. R. Civ. P. 65(d)(2); *Dobler v. Schwartz*, No. 21-cv-01509-PAB-NRN, 2022 WL 1303066, at *1 (D. Colo. Apr. 29, 2022) (denying motion for preliminary injunction because the individual named in the motion was not a party to the lawsuit). Even if the Court found a basis to grant injunctive relief in favor of Mr. Pittman, that relief would not bind Warden Sandaval.

Second, in order to obtain a preliminary injunction, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little*, 607 F.3d at 1251 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Ala. v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008). The complaint in this case alleges that defendants violated Mr. Pittman's Eighth Amendment rights by limiting his access to outdoor exercise and out-of-cell time.

6

Docket No. 19 at 7-27. It does not allege that Mr. Pittman was "put in the hole," that his loaner TV was taken, that his legal mail was opened and read, or that his custody level was raised to High Risk. Thus, the injuries described in Mr. Pittman's motion are unrelated to the conduct described in the complaint.

Moreover, Mr. Pittman's motion concerns incidents that took place in December 2023, after he was transferred to CSP. Docket No. 38 at 1-2. With the exception of his request to be moved out of state, the relief that Mr. Pittman seeks in his motion pertains to the conditions of confinement where he is currently housed, namely, CSP.[3] *Id.* at 2-3. However, the only allegations in the complaint that have not been dismissed from this case concern alleged violations of Mr. Pittman's Eighth Amendment rights that occurred while he was housed at SCF. *See* Docket No. 26 at 2-3. Therefore, the relief requested in Mr. Pittman's motion is unrelated to the allegations that remain the complaint.

Mr. Pittman is therefore seeking injunctive relief (a) against a person who is no longer a party to this case (b) based on alleged activity that is not the basis of any claim remaining in the operative complaint. As a result, Mr. Pittman has failed to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251 (internal quotations omitted).[4]

---

[3] The return address of the envelope in which Mr. Pittman mailed his motion indicates that he is still housed at CSP. Docket No. 38 at 4.

[4] The Court concludes that it can appropriately resolve the present motion without a hearing. *See Sgaggio v. Weiser,* No. 22-cv-01791-PAB, 2022 WL 3700723, at *4 n.2 (D. Colo. Aug. 26, 2022) (denying preliminary injunction motion without a hearing); *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4720313, at *5 n.2 (D. Colo. Aug. 10, 2015) (denying preliminary injunction motion without a hearing) (citing *Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to

**IV. CONCLUSION**

It is therefore

      **ORDERED** that letter re: Emergency Court out of State Removal [Docket No. 38], construed as a motion for preliminary injunction, is **DENIED**.

      DATED January 11, 2024.

                                                BY THE COURT:

                                                PHILIP A. BRIMMER
                                                Chief United States District Judge

---

hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)); *see also* D.C.COLO.LCivR 7.1(h); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").