IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-00291-PAB

EMANUEL PITTMAN,

     Plaintiff,

v.

JEFF LONG,
ROLAND JACKSON,
MITCHELL,
WEAVER,
DEAN WILLIAMS,
ORIN,
BARNES,
VASQUEZ, and
DORSEY,

     Defendants.

---

## ORDER

---

This matter comes before the Court on plaintiff's pleading captioned Reconsider Emergency Out of State Removal [Docket No. 48], which the Court will construe as a motion to reconsider an order the Court issued on January 11, 2024 [Docket No. 41]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

## I.  BACKGROUND

Plaintiff Emanuel Pittman is an inmate at the Colorado State Penitentiary ("CSP") in Cañon City, Colorado, Docket No. 19 at 2, which is part of the Colorado Department of Corrections ("CDOC").  When Mr. Pittman initiated this action on February 1, 2023, he was housed at the Sterling Correctional Facility ("SCF").  Docket No. 1 at 2.  Mr. Pittman was moved to CSP on May 19, 2023.  *Id.* at 9.  He was housed at CSP when he filed the operative complaint ("the complaint") on September 29, 2023.  *Id.* at 2.  The complaint brings one claim, violation of Mr. Pittman's Eighth Amendment rights by limiting his access to outdoor exercise and out-of-cell time at both SCF and CSP, against fifteen defendants in their official and individual capacities.  *Id.* at 2-27.

On November 14, 2023, Magistrate Judge Susan B. Prose recommended severing Mr. Pittman's claim asserted against the defendants who worked at CSP, including defendant Sandaval, from this case and opening a new action against them. Docket No. 24 at 10-11.  On December 11, 2023, Senior Judge Lewis T. Babcock accepted Judge Prose's recommendation in full.  Docket No. 26 at 2.  Accordingly, the defendants who worked at CSP, including defendant Sandaval, were terminated from this case.[1]  *Id.* at 2-3.

On January 5, 2024, Mr. Pittman filed a pleading captioned Emergency Court Out of State Removal, Docket No. 38, which the Court construed as a motion for preliminary injunction.  Docket No. 41 at 1.  In that motion, Mr. Pittman sought injunctive

---

[1] The Clerk of Court has opened new civil action, No. 23-cv-03282-SBP, against the CSP Defendants.

relief based on three incidents that occurred at CSP.  Docket No. 38 at 1-2.  The only individual named in Mr. Pittman's motion was defendant Sandaval.  *Id.* at 1.

On January 11, 2024, the Court denied Mr. Pittman's motion for injunctive relief on two grounds.  Docket No. 41 at 6-7.  First, the Court found that Mr. Pittman sought injunctive relief against a person who is no longer a party to this case since the "only individual named in Mr. Pittman's motion is Warden Sandaval, the warden of CSP."  *Id.* at 6.  Second, the Court found that Mr. Pittman sought injunctive relief based on alleged activity that is not the basis of any claim remaining in the operative complaint since (1) the incidents at CSP described in the motion did not pertain to the alleged limitation of Mr. Pittman's access to outdoor exercise and out-of-cell time and (2) the only claim remaining in the complaint pertains to Mr. Pittman's treatment at SCF.  *Id.* at 7.  Therefore, the Court found that Mr. Pittman "failed to 'establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint'" and denied his motion.  *Id.* (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

On February 1, 2024, Mr. Pittman filed a motion seeking reconsideration of the Court's order denying his motion for preliminary injunction.  Docket No. 48.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm' rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d

91, 92 (10th Cir. 1962).  In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v.  McCrerey & Roberts Constr. Co*., No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See Echon  v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for  reconsideration is appropriate where the court has misapprehended the facts, a party' s position, or the controlling law.").  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III.  ANALYSIS

Mr. Pittman does not argue that new evidence or legal authority has emerged. Rather, he appears to argue that the Court's denial of his motion for a preliminary injunction was clearly in error.  He claims that "[t]his court mistakingly [sic] believes the claims made against defendant Sandaval have been dismissed.  But the claims against

this defendant have only been severed."[2]  Docket No 48 at 2.  As discussed above, one of the reasons that the Court denied Mr. Pittman's motion for a preliminary injunction was that he sought relief against defendant Sandaval, who was no longer a party to this case, given that the claim against Sandaval was severed from the current action. Docket No. 41 at 3-4, 6.  Severing the claim against defendant Sandaval on December 11, 2023, had the result of terminating Sandaval as a party to this case on that date. Docket No. 26 at 3.  Accordingly, even if Mr. Pittman is correct that "Sandaval is still a [sic] active party" to his other case, No. 23-cv-03282-SBP, Docket No. 48 at 2, defendant Sandaval was not an active party to *this* case at the time that Mr. Pittman sought a preliminary injunction, and the Court did not err in denying Mr. Pittman's motion for preliminary injunction on that ground.

Moreover, Mr. Pittman does not challenge the second basis for the Court's denial of his motion for preliminary injunction, namely, that Mr. Pittman sought injunctive relief based on alleged activity that is not the basis of any claim remaining in the operative complaint.  *See* Docket No. 41 at 6-7.  Because the Court could have denied Mr. Pittman's motion for preliminary injunction on this ground alone, it did not commit clear error in denying the motion.

---

[2] Mr. Pittman also argues that "[t]his court mistakingly [sic] believes [he] didn't file any objections to Judge Prose [sic] recommendation" but he "filed a timely reconsideration on Nov. 30, 2023."  Docket No. 48 at 2.  Mr. Pittman did file a pleading entitled "Motion to Reconsider Recommendation" on November 30, 2023.  Docket No. 25.  However, Mr. Pittman's objection to Judge Prose's recommendation had no bearing on the Court's decision to deny his motion for a preliminary injunction.  Accordingly, the Court will not reconsider its ruling on this ground.

**IV. CONCLUSION**

Therefore, it is

**ORDERED** that Mr. Pittman's pleading captioned Reconsider Emergency Out of

State Removal [Docket No. 48], construed as a motion to reconsider, is **DENIED**.

DATED February 5, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge