IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-00291-PAB

EMANUEL PITTMAN,

    Plaintiff,

v.

JEFF LONG,
ROLAND JACKSON,
MITCHELL,
WEAVER,
DEAN WILLIAMS,
ORIN,
BARNES,
VASQUEZ, and
DORSEY,

    Defendants.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 61].  Plaintiff Emanuel Pittman, proceeding *pro se*,[1] filed a document entitled "Motion to Alter or Amend in Accord to Rule 59(e)."  Docket No. 62.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Because Mr. Pittman is proceeding *pro se*, the Court will construe his filing liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will evaluate Mr. Pittman's arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

I. BACKGROUND

The facts are set forth in Magistrate Judge Kathryn A. Starnella's recommendation. Docket No. 61 at 2-3. Neither side has objected to the facts. Therefore, the Court adopts them for purposes of ruling on the objections.

Plaintiff Emanuel Pittman is an inmate at the Colorado State Penitentiary in Cañon City, Colorado, Docket No. 19 at 2, which is part of the Colorado Department of Corrections ("CDOC"). Mr. Pittman alleges that, while he was housed at Sterling Correctional Facility, defendants denied him the social time and outside exercise time that he was entitled to under administrative regulation AR600-09. Docket No. 61 at 2. Mr. Pittman also alleges that he was confined to his cell for 24 hours per day when not receiving his time outside his cell, that he could not see out of his cell window, that no sunlight came through his window, that no programs were provided to him, that the library "might come with 3 books every 2 months or none," that the showers were "hardly ever cleaned," that people were "banging on the walls and doors all night," that the lights were dimmed but never turned off, and that staff shined a flashlight in his face. *Id.* at 2-3. Mr. Pittman states that he has the following pre-existing medical conditions: post-traumatic stress disorder, traumatic brain injury, and intermittent explosive disorder. *Id.* at 3. He claims that, as a result of the prison conditions he was subjected to, he experiences emotional imbalances where he argues with himself and staff, worsening his hallucinations, high blood pressure, frequent headaches, and dizzy spells. *Id.*

Judge Starnella construed Mr. Pittman's second amended complaint as bringing two claims: claim one, deliberate indifference in violation of the Eighth Amendment,

2

pursuant to 42 U.S.C. § 1983; and claim two, violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.  Docket No. 61 at 4-12.  No party has objected to this interpretation of the complaint.

On February 12, 2024, defendants moved to dismiss Mr. Pittman's claims against them under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Pittman's complaint fails to state a claim upon which relief may be granted.  Docket No. 50 at 2.  Mr. Pittman filed a response to the motion to dismiss, defendants filed a reply, and Mr. Pittman filed a surreply.  Docket Nos. 52, 53, 54.  On August 23, 2024, Judge Starnella entered a recommendation that the Court grant the motion to dismiss.  Docket No. 61 at 12.  Judge Starnella concluded that Mr. Pittman's complaint did not state a claim under either the Eighth Amendment or the ADA and therefore recommended dismissing the complaint without prejudice.  *Id.* at 10, 12.

On September 3, 2024, Mr. Pittman filed a document entitled "Motion to Alter or Amend in Accord to Rule 59(e)."  Docket No. 62.  Mr. Pittman's filing reads, in its entirety:

> Plaintiff was under the impression he properly stated a claim against these defendants once this court order [sic] the defendants to respond.  Plaintiff request [sic] 14 days to make proper Amendment.

*Id.* at 1.  Although Mr. Pittman does not reference Judge Starnella's recommendation, the filing appears to be a response to it.  The title of Mr. Pittman's filing invokes Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a judgment.  Fed. R. Civ. P. 59(e).  However, the recommendation of a magistrate judge is not a judgment, *see* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."), and cannot be altered or amended

under Rule 59(e).  Instead of a motion under Rule 59(e), the Court will construe Mr. Pittman's filing as an objection to the recommendation and a motion for leave to file an amended complaint.

## II. ANALYSIS

### A. Objection to Recommendation of Magistrate Judge

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Insofar as Mr. Pittman's motion raises an objection to the recommendation, the Court will overrule the objection.  An objection to a magistrate judge's recommendation

is proper if it is timely and specific, identifying factual and legal issues in dispute and putting forth an argument as to why the recommendation is incorrect.  *See One Parcel,* 73 F.3d at 1059-61 (a specific objection enables the district court to focus "attention on the factual and legal issues that are truly in dispute"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").

Mr. Pittman states that he "was under the impression he properly stated a claim against these defendants once this court order the defendants to respond."  Docket No. 62 at 1.  It is not clear to the Court what Mr. Pittman means by this statement.  However, Mr. Pittman does not explain why the Court should not accept Judge Starnella's recommendation.  Moreover, Mr. Pittman does not argue that Judge Starnella was incorrect in finding that the second amended complaint does not state a claim under either the Eighth Amendment or the ADA.  Thus, Mr. Pittman's statement that he "was under the impression he properly stated a claim," *id.*, insofar as it constitutes an objection, does not identify a factual or legal issue in dispute with specificity and makes no effort at developed argumentation.  The Court will therefore overrule it.  *See One Parcel,* 73 F.3d at 1059-61.

The Court has reviewed the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.  Accordingly, the Court will dismiss Mr. Pittman's claims against defendants without prejudice.

5

### B. Motion for Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant or deny leave to amend a complaint is committed to the discretion of the court. *Id*. Denying leave to amend is generally justified only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017). In making a futility assessment, the court must accept as true the allegations in the proposed amended complaint and construe the allegations in the light most favorable to the plaintiff. *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo. Oct. 18, 2017). Ambiguities must be resolved in favor of the plaintiff, and the plaintiff must be given "the benefit of every reasonable inference drawn from the well-pleaded facts and allegations." *Id.* (internal quotations and citation omitted).

Mr. Pittman's motion states that he "request [sic] 14 days to make proper amendment." Docket No. 62 at 1. However, Mr. Pittman's motion does not state what amendments he wishes to make to the second amended complaint. As stated above, Judge Starnella found that Mr. Pittman's second amended complaint does not state a claim under either the Eighth Amendment or the ADA. *See* Docket No. 61 at 4-12. In order to be granted leave to file a third amended complaint, Mr. Pittman must show that a third amended complaint would not have the same deficiencies as the second amended complaint. *Cf. Hoid v. Boulder Cnty. Sheriff's Office*, No. 23-cv-00616-PAB-KAS, 2024 WL 3989525, at *1, *3 (D. Colo. Aug. 28, 2024) (adopting recommendation to deny motion to amend complaint on the basis that plaintiff's "proposed third amended complaint ha[d] the same deficiencies as his second amended complaint and that the amendment would be futile."). In other words, Mr. Pittman's motion to amend his complaint needs to state what allegations he would include in a third amended complaint that were not in his second amended complaint in order to demonstrate that filing a third amended complaint would not be futile. *See Frank,* 3 F.3d at 1365. Because Mr. Pittman's motion does not explain what additional allegations would be included in a third amended complaint, the Court is unable to determine whether granting him leave to file a third amended complaint would be futile. Accordingly, the Court will deny Mr. Pittman's motion for leave to file an amended complaint. However, the Court will permit Mr. Pittman to file a motion for leave to file an amended complaint that identifies proposed changes to the second amended complaint within 21 days of this order.

7

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 61] is **ACCEPTED**. It is further

**ORDERED** that the Motion to Alter or Amend in Accord to Rule 59(e) [Docket No. 62], insofar as it objects to the recommendation, is **OVERRULED**. It is further

**ORDERED** that the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [Docket No. 50] is **GRANTED**. It is further

**ORDERED** that Mr. Pittman's claims are **DISMISSED without prejudice**. It is further

**ORDERED** that the Motion to Alter or Amend in Accord to Rule 59(e) [Docket No. 62], insofar as it constitutes a motion to file an amended complaint, is **DENIED without prejudice**. It is further

**ORDERED** that Mr. Pittman may file a motion to amend his complaint on or before **October 11, 2024**.

DATED September 20, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge