IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00291-PAB-KAS

EMMANUEL PITTMAN,

    Plaintiff,

v.

JEFF LONG, et. al.

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. PROCEDURE 12(B)(6) AT ECF NO. 68**

Defendants Jeff Long, Sean Mitchell, Roland Jackson, Jessica Dorsey, Brian Weaver, Raquel (Vasquez) Peterson, Aaron Barnes, Jess Orin, and Dean Williams, through their counsel, the Colorado Attorney General, hereby submit this Reply in Support of Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) at ECF No. 68.

## INTRODUCTION

In this lawsuit brought under 42 U.S.C. §1983, Plaintiff Emmanuel Pittman filed a Third Amended Complaint (TAC), in which he insisted (after dismissal of his Second Amended Complaint) that Defendants violated his Eighth Amendment rights by giving him only 70 hours out-of-cell time between July 2022 and May 2023, and depriving him of other programming and benefits. ECF No. 64 at 6-7.[1]

---

[1] For consistency and clarity, all citations to Pittman's Third Amended Complaint (ECF No. 64) refer to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed at the bottom of each page.

The Defendants filed a Motion to Dismiss on several grounds: (1) the claims were substantially similar to those made in the Second Amended Complaint, ECF No. 19; (2) Mr. Pittman did not establish that Defendants Dorsey, Mitchell, Jackson, Weaver, Peterson (Vasquez), Barnes, or Orin personally participated in any constitutional violation; (3) Mr. Pittman failed to state an Eighth Amendment claim; and (4) Defendants are entitled to qualified immunity. ECF No. 68.

Mr. Pittman subsequently filed a "Reply to Motion to Dismiss" (the Response) restating some of the arguments he made in the TAC and citing *Anderson v. Colorado*, 848 F. Supp. 2d 1291 (D. Colo. 2012) and CDOC Administrative Regulation (AR) 600-9(IV)(18) as authorities for his arguments. ECF No. 70. Notwithstanding Mr. Pittman's arguments, the TAC must be dismissed because, although he has been given many chances to do so, he has not stated an Eighth Amendment claim against any Defendant, and all Defendants are protected by qualified immunity.

## ARGUMENT

**Mr. Pittman's Eighth Amendment claims must be dismissed because he does not state facts that might establish either prong of a conditions-of-confinement claim.[2]**

As noted in the Motion to Dismiss, ECF No. 68 at 9, when attempting to state an Eighth Amendment conditions-of-confinement claim, a plaintiff must satisfy two requirements. *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001). First, he must

---

[2] Mr. Pittman's Response does not contain any rebuttal to Defendants' arguments that (1) the TAC fails to establish personal participation by Defendants Mitchell, Jackson, Weaver, Peterson (Vasquez), and Orin; and (2) Defendants are entitled to qualified immunity. Accordingly, Defendants do not address these points in this Reply.

demonstrate that the deprivations cited were objectively "sufficiently serious." *Id.* (quoting *Craig v. Eberly*, 164 F. 3d 490, 495 (10th Cir. 1998)).  Second, he must demonstrate that the defendants acted with deliberate indifference to inmate health and safety, *id.*, meaning they were aware of facts from which they could draw the inference that there was a substantial risk of serious harm, and they must also have drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

This standard is not altered by Mr. Pittman's citation to AR 600-9(IV)(18). "Prison regulations are 'primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates[.]'" *Brown v. Wyo. Dep't Corr. State Penitentiary Warden*, 234 F. App'x 874, 878 (10th Cir. 2007) (quoting *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995)).  Therefore, a prison official's decision to withhold benefits described in prison regulations "is actionable only if the [official]'s actions fail to meet basic federal constitutional standards." *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003).  In other words, AR 600-9 does not provide an avenue to enlarge the scope of Eighth Amendment protections.

And even assuming that AR 600-9(IV)(18) could be construed to set a new constitutional standard, its express language permits departure from its requirements. It states: "Written policy, procedure, and practice provide that offenders in special management housing receive a minimum of one-hour exercise per day outside their cells, five days per week, unless security or safety considerations dictate otherwise." *Id.*  Thus, this policy is not an ironclad rule; it is a guideline that may be altered due to the security and safety concerns that arise in close custody units like the one occupied by Mr. Pittman.

3

Further, *Anderson v. Colorado* is inapposite. In *Anderson*, the plaintiff claimed that he had not been allowed any outdoor exercise for more than eleven years, and that he had no direct human contact except with CDOC staff, resulting in mental and physical harm. *Id.* at 1295. Even under those circumstances, the *Anderson* Court declined to find that there was a per se Eighth Amendment violation, opining instead that "it depends on the facts of the particular case." *Id.* at 1296. The Court denied the plaintiff's motion for summary judgment because the conditions-of-confinement claim in that case was "replete with factual disputes." *Id.*

Here, Mr. Pittman's central allegation is that he was housed in Sterling Correctional Facility's MCC from July 2022 until May 2023, and during that almost ten-month period, he was only given 70 hours of out-of-cell time. ECF No. 64 at 6-7. These facts are not nearly as extreme as those in *Anderson*, where the Court found only that plaintiff's claim might have merit depending on the specific details revealed in discovery. *Id.* at 1296.

As argued in the Motion to Dismiss, for several reasons, the facts alleged by Mr. Pittman do not make it plausible that he suffered a sufficiently serious deprivation. ECF No. 68 at 1-4. First, Mr. Pittman's allegations are conclusory because they are not specific. He has not provided any context concerning the allegedly improper limitations on out-of-cell time or the other ancillary deprivations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (stating that "'naked assertions' devoid of 'further factual enhancement'" are not sufficient) (citation omitted). Second, even if the allegations in the TAC were sufficiently specific, Mr. Pittman has not alleged deprivations that are severe enough to state an Eighth Amendment claim. *See, e.g., Smith v. Romer*, 107 F.3d 21, 1997 WL 57093, at

4

*2 (10th Cir. Feb. 11, 1997) (unpublished opinion) (holding allegations of confinement in cell for 23 hours per day, meals in cells, exercise of one hour per day in cell, lights that did not turn off, and unsanitary shower stalls did not state a sufficiently serious deprivation for Eighth Amendment purposes).  Third, Mr. Pittman has not stated facts that might "show that the defendants knew he faced a substantial risk of harm and disregarded that risk."  *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation and quotation marks omitted).  In short, there are simply no allegations that any of the Defendants were aware of Mr. Pittman's underlying diagnoses or the consequences of providing him limited out-of-cell time or other benefits between July 2022 and May 2023.

Because Mr. Pittman fails to show that the Defendants knew of, and chose to disregard, a substantial risk of harm resulting from the reduction in out-of-cell time or other benefits, he has failed to establish an Eighth Amendment violation, and the claim must be dismissed.

## CONCLUSION

For the reasons set forth above and the Motion to Dismiss, Defendants respectfully move for dismissal of Mr. Pittman's TAC in its entirety, with prejudice.

Respectfully submitted December 30, 2024.

PHILIP J. WEISER
Attorney General

*/s/ Rebecca L. Johannesen*

        REBECCA L. JOHANNESEN*  
        Second Assistant Attorney General  
        AMY E. ADAMS*  
        Assistant Attorney General  
        Attorneys for Defendants  
        Civil Litigation and Employment Law Section  
        1300 Broadway, 10th Floor  
        Denver, Colorado 80203  
        Telephone: (720) 508-6582  
        Fax: (720) 508-6032  
        E-Mail: rebecca.johannesen@coag.gov  
                amy.adams@coag.gov  
        *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT UNDER FED. R. CIV. 12(B)(6)** upon all parties herein by e-filing with the CM/ECF system maintained by the court on December 27, 2024, and by depositing copies of same in the United States mail, first-class postage prepaid, on December 30, 2024, at Denver, Colorado, addressed as follows:

Emanuel Pittman, #90357  
C.S.P.  
P.O. Box 777  
Canon City, CO 81215-0777  
*Plaintiff, Pro Se*

**Courtesy Copy Emailed:**  
Tony DeCesaro, CDOC

                /s/ Jennifer Kaercher