IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00291-PAB-KAS

EMANUEL PITTMAN,

     Plaintiff,

v.

JEFF LONG,
ROLAND JACKSON,
MITCHELL,
WEAVER,
DEAN WILLIAMS,
ORIN,
BARNES,
VASQUEZ,
DORSEY, and
JANE OR JOHN DOE,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on Defendants' **Motion to Dismiss Third
Amended Complaint Under Fed. R. Civ. P. 12(b)(6)** [#68][1] (the "Motion"). Plaintiff filed
a Response [#70] in opposition to the Motion [#68], Defendants filed a Reply [#71], and
Plaintiff filed a Surreply [#72].[2] The Motion [#68] has been referred to the undersigned for

---

[1] "[#68]" is an example of the convention the Court uses to identify the docket number assigned
to a specific paper by the Court's case management and electronic case filing system (CM/ECF).
This convention is used throughout this Recommendation.

[2] Surreplies are not contemplated by the Federal Rules of Civil Procedure or the Local Rules of
Practice. However, "[g]enerally, the nonmoving party should be given an opportunity to respond
to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d
1189, 1196 (10th Cir. 2005). "Material, for purposes of this framework, includes both new
evidence and new legal arguments." *Id.* (internal quotation marks and citation omitted). Although

a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and

D.C.COLO.LCivR 72.1(c)(3). *See* [#69]. The Court has reviewed the briefs, the entire

case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS**

that the Motion [#68] be **GRANTED** and the Third Amended Complaint be **DISMISSED**

**with prejudice**.

## I. Background[3]

Plaintiff is a convicted and sentenced state prisoner, and he proceeds in this matter

as a pro se litigant. *Third Am. Compl.* [#64] at 2[4]; *Order* [#5]. Multiple amendments have

been permitted. First, the Court previously dismissed Plaintiff's original Complaint [#1]

with an opportunity to amend, advising him that he must allege specific facts to show that

each named defendant was personally involved in a deprivation of his constitutional

rights. *Order* [#6] at 8. He then filed his first amended Prisoner Complaint. *First Am.*

*Compl.* [#8], and the Court again directed him to file an amended Prisoner Complaint.

*Order* [#10]. The Court found that "the conditions alleged by Plaintiff, which occurred over

a period of approximately six months, were not so extreme as to rise to the level of an

---

the Court did not previously grant Plaintiff leave to file a Surreply, the Court nevertheless has
considered it in its adjudication of the Motion [#68].

[3] To resolve the Motion [#68], the Court accepts as true all well-pleaded, as opposed to
conclusory, allegations made in Plaintiff's Third Amended Complaint [#64]. *See Shero v. City of
Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 570 (2007)). However, to the extent that Plaintiff provides additional allegations or possible
new claims in his briefs, the Court notes that a party may not amend his complaint in motion
briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127
(D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief");
*Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020)
(stating that it is "well established that Plaintiff may not amend his Complaint by adding factual
allegations in response to Defendants' Motion to Dismiss").

[4] Citations to the Third Amended Complaint's page numbers are to the numbering used by the
Court's CM/ECF docketing system on the upper right corner of each page, not to the document's
original numbering.

Eighth Amendment violation" and advised Plaintiff that he should "state with specificity the facts that demonstrate the Defendants' personal involvement in the alleged constitutional deprivations." *Order* [#10] at 7, 12.

Next, Plaintiff filed the Second Amended Complaint [#19], and the Eighth Amendment official capacity claims were dismissed, leaving only individual capacity claims, and further, certain defendants (Sandoval, Martinez, Londonberg, Powell, Montez, and Stancil) were severed. *Order* [#26] at 2. The remaining defendants (Jeff Long, Sean Mitchell, Roland Jackson, Jessica Dorsey, Brian Weaver, Raquel (Vasquez) Peterson, Aaron Barnes, Jess Orin, and Dean Williams) ("the Defendants") moved to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *Motion* [#50], which the Court granted. *Order* [#63]; *see also Recommendation* [#61]. The Court found that Plaintiff had failed to allege the violation of a clearly established right under the Eighth Amendment and, thus, the Defendants were entitled to qualified immunity. *Recommendation* [#61] at 7-10, *report and recommendation adopted*, *Order* [#63]. The Court also found that Plaintiff's allegations did not render plausible that he was "deprived of basic necessities such food, clothing, shelter, medical care, or reasonable safety measures"—deprivations that, if sufficiently severe, can violate the Eighth Amendment's prohibition on inhumane conditions of confinement. *Recommendation* [#61] at 4-7, *report and recommendation adopted*, *Order* [#63]. That dismissal was without prejudice. *Order* [#63] at 8.

Thereafter, Plaintiff filed a Third Amended Complaint [#64], the operative pleading. Plaintiff alleges that, since mid-July 2022, Defendants have denied him the purportedly required four hours of social time, seven days per week, and the minimum three hours of

outside exercise time per week, in violation of Administrative Regulation ("AR") 600-09. *Third Am. Compl.* [#64] at 6. He claims he received 70 hours of out-of-cell exercise time between July 2022 and May 2023. *See id.* at 6-7. He states that while in custody his cell had no window, "no programs" were provided, that the library "was limited to maybe once every 2 months if [he] was lucky." *Id.* at 6. As a result of these general conditions, Plaintiff states, "[t]he continuous time locked in a cell caused [his] mental health issues to worsen" and that he experiences frequent headaches, dizziness, hallucinations, anxiety, panic attacks, muscle loss, muscles "hurting," and high blood pressure. *Id.* at 7-9. He alleges that his "T.B.I., I.E.D., and P.T.S.D." have gotten worse. *Id.* at 7. Plaintiff has sued the Defendants in their individual capacities, reasserts the previously dismissed official capacity claims, and seeks monetary damages. *Id.* at 2-5. Plaintiff requests a declaration that his constitutional rights were violated, compensatory damages in an amount of "$300,000 against each defendant jointly and severally," as well as "punitive damages in the amount of $500,000 against each defendant jointly and severally." *Id.* at 11.

Plaintiff names these Defendants: Long (Warden), Dorsey (Major), Mitchell (Lieutenant), Jackson (Captain), Weaver (Lieutenant), Peterson (Vasquez) (Lieutenant), Barnes (Sargeant), Williams (Executive Director), and Orin (Lieutenant), who serve in Plaintiff's housing unit. *Id.* at 3-5, 7-9. He alleges that these individuals served in supervisory roles within the housing unit, making them responsible for "daily operations of the living situation." *Id.* at 7.

In the present Motion [#68], Defendants seek dismissal with prejudice of Plaintiff's claims.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro

se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. Analysis

Plaintiff asserts Eighth Amendment violations by each defendant based on conditions of confinement. *Third Am. Compl.* [#64] at 6-9. Defendants, against whom only individual capacity claims remain,[5] argue that Plaintiff fails to state a claim upon which relief may be granted and assert they are entitled to qualified immunity. *See Motion* [#68] at 5-12, 12-13.

### A.    Applicable Legal Standards

#### 1.    Conditions of Confinement Claim

An Eighth Amendment conditions-of-confinement claim rests on two elements. "First, the alleged conditions must be sufficiently serious—that is, they must 'deprive an inmate of the minimal civilized measure of life's necessities' or 'subject an inmate to a substantial risk of serious harm.'" *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *3 (10th Cir. Feb. 16, 2023) (quoting *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021)) (internal quotation marks omitted). "[T]he Eighth Amendment guarantees that inmates 'receive adequate food, clothing, shelter, and medical care' and

---

[5] The Court has previously dismissed the official capacity claims. *See Order* [#63], *adopting Recommendation* [#61] at 4; *Order* [#26]. The Third Amended Complaint alleges no basis to disturb this ruling, and Plaintiff's Response and Surreply do not address Defendants' repeated motion to dismiss the official capacity claims. *See Response* [#70] and *Surreply* [#72]. *See Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) (noting that "[c]ourts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.") (collecting cases).

are safe in their confinement." *Guzman Loera v. True*, No. 21-cv-02794-NYW-MEH, 2023
WL 2528629, at *6 (D. Colo. Mar. 15, 2023) (quoting *Farmer v. Brennan*, 511 U.S. 825,
832 (1994)).

"Conditions-of-confinement claims have two prongs: (1) an objective prong, under
which the alleged injury must be sufficiently serious, and (2) a subjective prong, under
which the prison official who imposed the condition must have done so with deliberate
indifference." *Guzman Loera*, 2023 WL 2528629, at *6 (quoting *Redmond v. Crowther*,
882 F.3d 927, 936 n.3 (10th Cir. 2018)). As to the first prong:

> The Eighth Amendment "does not mandate comfortable prisons," and
> conditions imposed may be "restrictive and even harsh." *Rhodes v.
> Chapman*, 452 U.S. 337, 347, 349 (1981). *See also Farmer*, 511 U.S. 825,
> 832 (acknowledging that the Eighth Amendment prohibits cruel and unusual
> "punishments," not cruel and unusual "conditions"). "[A] prisoner must show
> that conditions were more than uncomfortable, and instead rose to the level
> of 'conditions posing a substantial risk of serious harm' to inmate health or
> safety." *Despain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001).

*Rodriguez v. Wiley*, No. 08-cv-02505-PAB-CBS, 2010 WL 1348017, at *14 (D. Colo. Feb.
25, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 1348021 (D. Colo.
Mar. 31, 2010).

Under the second prong of a conditions-of-confinement claim, the allegations must
plausibly establish that the prison official acted with deliberate indifference to the inmate's
health or safety. *Farmer*, 511 U.S. at 834. An official will not be liable unless he "knows
of and disregards an excessive risk to inmate health or safety; the official must both be
aware of facts from which the inference could be drawn that a substantial risk of serious
harm exists, and he must also draw the inference." *Id*. at 837 (emphasis added).

### 2.    Qualified Immunity

With respect to the individual capacity claims, Defendants assert the defense of qualified immunity. *Motion* [#68] at 12-13. A qualified immunity defense "protects government officials from civil liability so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Arnold v. City of Olathe*, 35 F.4th 778, 788 (10th Cir. 2022) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "[Q]ualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (per curiam) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). To determine whether qualified immunity applies, the Court considers (1) whether "the officers' alleged conduct violated a constitutional right," and, if so, (2) whether "it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right." *Wise v. Caffey*, 72 F.4th 1199, 1205 (10th Cir. 2023) (citation and internal quotation marks omitted). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. at 236; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

### B.    Whether Plaintiff Has Failed to State a Claim

### 1.    Objective Prong

Here, as before, Plaintiff has not stated a conditions-of-confinement claim. First, as to the "objective" prong, under which the alleged injury must be sufficiently serious, Plaintiff has once again failed to allege that he was deprived of basic necessities such as

food, clothing, shelter, medical care, or reasonable safety measures. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Plaintiff's present allegations are, in substance, the same as the allegations in his Second Amended Complaint [#19]. Once again, Plaintiff complains that he received only 70 hours of out-of-cell exercise between July 2022 and May 2023, received no "social time," had no opportunities to attend programming, and received only limited library access. *Third Am. Compl.* [#64] at 6-7. This again falls short of Plaintiff's "burden of alleging conditions sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities or subject him to a substantial risk of serious harm." *Sperry v. Wildermuth*, No. 16-3222-SAC, 2020 WL 7770932, at *4 (D. Kan. Dec. 30, 2020) (citation omitted), *rev'd on other grounds by Sperry v. Wildermuth*, No. 21-3009, 2022 WL 946936 (10th Cir. Mar. 30, 2022).

To explain things plainly, there are 47 weeks between July 1, 2022, and May 31, 2023. If Plaintiff received 70 hours of out-of-cell exercise during that period, he received approximately 1.5 hours of out-of-cell exercise per week. Placed in the context of other court decisions, this does not satisfy the objective prong. *See, e.g., Khan v. Barela*, 808 F. App'x 602, 610 (10th Cir. 2020) (concluding that the plaintiff's "allegation that during a three-year-plus period he was allowed outdoors to exercise only three times per week and for a maximum of 2.5 hours per week fails to show an objectively substantial risk of serious harm"); *Rosales v. Ortiz*, No. 06-cv-2438-EWN-CBS, 2008 WL 877173, at *11 (D. Colo. Mar. 27, 2008) (concluding that allegations that the plaintiff had "access to the gym once per week for 50 minutes and [access to] outdoor exercise for 45 minutes once every two weeks" during a 14-month period did not "rise to the serious level implicating a

violation of [the plaintiff's] Eighth Amendment rights"), *aff'd*, 325 F. App'x 695 (10th Cir. 2009).

In his Response [#70], Plaintiff argues that his Eighth Amendment claim should survive Rule 12(b)(6) dismissal in light of *Anderson v. Colorado*, 848 F. Supp. 2d 1291 (D. Colo. 2012). *Response* [#70]. The Court disagrees. In *Anderson*, the court considered whether to grant a summary judgment motion, which it ultimately denied because whether a deprivation of fresh air and exercise amounts to an Eighth Amendment violation "depends on the facts of the particular case" and the record was "replete with factual issues," which a trier of fact needed to sort out. 848 F. Supp. 2d at 1296. In reaching that conclusion, the court also noted that "no court has held that denial of fresh air and exercise is a per se Eighth Amendment violation." *Id.*

In his Surreply [#72], Plaintiff points to two cases as reason to deny Defendants' Motion to Dismiss [#68]: *Lowe v. Raemisch*, 864 F.3d 1205 (10th Cir. 2017) and *Apodaca v. Raemisch*, 864 F.3d 1071 (10th Cir. 2017). *Surreply* [#72] at 2. Again, the Court disagrees. *Lowe* concerned a deprivation of outdoor exercise for two years and one month, a situation Plaintiff Pittman has not presented in this case. *See Lowe*, 864 F.3d at 1209. Additionally, the Tenth Circuit's analysis focused on whether the defendants were entitled to qualified immunity because the law had not been clearly established that even a "three-year ban on outdoor exercise [was] sufficiently serious to violate the Eighth Amendment's objective prong." *Id.* at 1210. Ultimately, the court determined that the defendants were entitled to qualified immunity because "[t]he deprivation of outdoor exercise for two years and one month is not so obviously unlawful that a constitutional violation would be undebatable." *Id.* at 1210-11.

In *Apodaca*, which concerned an 11-month deprivation of outdoor exercise, the Tenth Circuit reached a similar conclusion and noted that "courts must examine the totality of the circumstances" because the "denial of outdoor exercise does not per se violate the Eighth Amendment." *Apodaca*, 864 F.3d at 1077; *see also id*. at 1079 (expressly stating, "our circuit has not clearly established a right to outdoor exercise over an eleven-month period.").

In sum, Plaintiff fails to plausibly allege that 70 hours of out-of-cell exercise during a 47-week period satisfies the objective prong. Therefore, as with Plaintiff's Second Amended Complaint [#19], the Third Amended Complaint [#64] is subject to dismissal on this basis.

Plaintiff's Eighth Amendment claim is also subject to dismissal to the extent that Plaintiff relies on a purported violation of prison regulation AR 600-9(IV)(18). *See Third Am. Compl.* [#64] at 6, 9. "Allegations that government actors fail to follow their own regulations—or the regulations of other entities—cannot be the basis for a constitutional claim." *Bowman v. Sawyer*, No. 19-cv-01411-WJM-KMT, 2020 WL 7249089, at *9 (D. Colo. Aug. 31, 2020) (citing *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (alleged failure to follow prison regulations that are "primarily designed to guide correctional officials in the administration of a prison" and "not designed to confer rights on inmates" did not amount to a constitutional violation)), *report and recommendation adopted*, 2020 WL 6390992 (D. Colo. Nov. 2, 2020). Therefore, failure to comply with this regulation does not weigh against dismissal.

2.      **Subjective Prong**

Even if Plaintiff's allegations satisfied the objective prong, he has again failed to state a claim as to the second subjective prong of a conditions-of-confinement claim. Simply put, Plaintiff has failed to plausibly allege deliberate indifference on the part of a prisoner official who imposed the condition.

In the Third Amended Complaint [#64], Plaintiff has not plausibly alleged that Defendants had a sufficiently culpable state of mind, i.e. that they were deliberately indifferent to his health and safety. Referring to the limited time outdoors, Plaintiff alleges "crying to these defendants about the condition got me no relief on no times." *Third. Am. Compl.* [#64] at 9. Plaintiff summarily alleges that Defendant Williams "signed off on the cruel and unusual punishment creating a policy that violates" the Eighth Amendment. *Id.* at 8. As to Defendant Long, he allegedly "stood by authorizing this cruel and unusual punishment telling [Plaintiff] he didn't have enough staff." *Id*. at 7. Defendants Jackson and Mitchell allegedly told Plaintiff "on numerous occurrence [sic] that they were working on fixing the problem. This problem was never fix [sic] causing [Plaintiff's] issues to worsen." *Id*. Plaintiff also summarily alleges, without any supporting allegations, that Long, Williams, Jackson, Orin, Mitchell, Weaver, Vasquez and Barnes "intentional [sic] subjected [Plaintiff] to experience also emotional imbalances." *Id*. at 8.  While he alleges he suffers from pre-existing conditions such as post-traumatic stress disorder, traumatic brain injury, and intermittent explosive disorder, *id*. at 7, he has not alleged that any defendant knew he suffered from mental health conditions, chose to disregard them, or knew that providing him with limited out-of-cell time would exacerbate those conditions. At most, he alleges some defendants were aware that he wanted to spend more time

outdoors. This does not plausibly allege deliberate indifference. Therefore, the Third Amended Complaint [#64] is also subject to dismissal on this basis.

### 3. Supervisory Liability

Plaintiff's Eighth Amendment claim appears to rest on the theory of liability by virtue of Defendants' various supervisory roles. However, Plaintiff "must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citation omitted). A plaintiff alleging supervisory liability must plead that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). In other words, an "affirmative link" must exist between the subordinates' alleged unconstitutional acts and the express or implied adoption of a plan or policy. *Id.* at 1200-01. Here, as discussed above, Plaintiff has not adequately alleged a constitutional violation, and thus there can be no supervisory liability. Further, his conclusory allegations do not plausibly state that any defendant acted with the requisite state of mind to establish a constitutional deprivation or that there was an affirmative link between their supervisory roles and the purported unconstitutional acts.

In sum, based on the allegations, the Court finds that Plaintiff has not adequately stated a conditions-of-confinement claim. Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim be dismissed as to all Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

**C.    Whether Defendants are Entitled to Qualified Immunity**

Even if Plaintiff had stated a claim, Defendants would be entitled to qualified immunity due to the absence of clearly established law on or before May 2023 that the conditions Plaintiff endured were constitutionally infirm. Plaintiff's Response and Surreply do not address the qualified immunity issue, *see Response* [#70] and *Reply* [#72], suggesting waiver of that issue. *See Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) (noting that "[c]ourts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.") (collecting cases).

The Court previously analyzed the qualified immunity issue, and explained the Defendants are entitled to qualified immunity: "The Court has found no Tenth Circuit published case, including those cited by Plaintiff, to show that 'the violative nature of [the] *particular* conduct [had been] clearly established' by May 2023, the end of the Complaint's operative timeframe." *Recommendation* [#61] at 8 (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). Additionally, the Court found the "weight of authority from other circuit courts, including the cases cited by Plaintiff, does not demonstrate relevant clearly established law between July 2022 and May 2023," the relevant time period herein. *Id*. at 9. Nothing has changed. The Third Amended Complaint [#64] does not allege a constitutional violation that was clearly established at the time of the violation. Accordingly, the Defendants are protected by qualified immunity.

**D.    Whether Leave to Amend a Fourth Time is Warranted**

Having found Plaintiff failed to sufficiently plead his claim against Defendants, the Court now turns to whether Plaintiff should be afforded a fourth opportunity to amend and,

thus, a fifth opportunity to state his claims. With the original Complaint [#1] and the three amendments, Plaintiff has had four occasions to adequately allege a plausible Eighth Amendment claim.

Generally, in a case involving a pro se litigant, "[if] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id*. However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, Plaintiff is not an "untutored" litigant; he has complied with all court orders to submit amended pleadings to address identified pleading deficiencies. Plaintiff's complaints demonstrate an understanding of the elements of an Eighth Amendment conditions-of-confinement claim. Based on the four versions of the complaint, "it is obvious that the [P]laintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Accordingly, the Court **recommends dismissal with prejudice**. *See Pittman v. Bryant*, No. 23-cv-03030-DDD-KAS, 2025 WL 474938, at *5-6 (D. Colo. Feb. 11, 2025)

(recommending dismissal with prejudice), *report and recommendation adopted*, *Order* [#33] at 6 ("Plaintiff has had multiple opportunities to develop his allegations in a way that might sufficiently allege a deliberate indifference claim, but he has not been able to. The facts of what happened . . . simply do not support a constitutional claim.").

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#68] be **GRANTED** and that Plaintiff's Third Amended Complaint [#64] be **DISMISSED with prejudice.**

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 8, 2025                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge