IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00291-PAB-KAS

EMANUEL PITTMAN,

    Plaintiff,

v.

JEFF LONG,
ROLAND JACKSON,
MITCHELL,
WEAVER,
DEAN WILLIAMS,
ORIN,
BARNES,
VASQUEZ, and
DORSEY,

    Defendants.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 73]. Magistrate Judge Kathryn A. Starnella, the assigned magistrate judge, recommends that the motion to dismiss filed by defendants, Docket No. 68, be granted and that the claims in plaintiff's third amended complaint, Docket No. 64, be dismissed with prejudice. Docket No. 73 at 2. Plaintiff Emanuel Pittman filed what the Court construes as an objection to the recommendation. Docket No. 74.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Judge Starnella issued her recommendation on August 8, 2025. Docket No. 73. The recommendation stated that any party may file objections within 14 days of

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation. Docket No. 73 at 2-4. Neither side has objected to the facts. Therefore, the Court adopts them for purposes of ruling on the objections.

Mr. Pittman is a Colorado state prisoner. Docket No. 64 at 2; Docket No. 5 at 1. Mr. Pittman has filed four complaints over the course of this case. *See* Docket Nos. 1, 8, 19, 64. Then-Magistrate Judge Gordon P. Gallagher dismissed plaintiff's original claim for failing to allege specific facts showing each defendant's personal involvement in the alleged deprivation of Mr. Pittman's rights. Docket No. 6 at 8. After Mr. Pittman filed his first amended complaint, Judge Kristen L. Mix directed him to file another amended complaint, finding that the prison conditions alleged by Mr. Pittman were not so extreme as to constitute an Eighth Amendment violation and advising that Mr. Pittman allege specific facts demonstrating the defendants' personal involvement in the alleged violations. Docket No. 10 at 7, 12.

After Mr. Pittman filed a second amended complaint, Judge Lewis T. Babcock severed several defendants and dismissed the Eighth Amendment official capacity

---

service of the recommendation. *Id.* at 16. On August 26, 2025, the Court received a filing from Mr. Pittman, dated August 20, 2025 and postmarked August 22, 2025. *See* Docket No. 74 at 4-5. The filing is entitled "Reply to Motion to Dismiss for Immunity." *Id.* at 1. The filing never explicitly references the magistrate judge's recommendation, and it does not use the term "objection." The filing does, however, reference several phrases, such as "subjective prong" and "supervisory liability," *see id.*, that feature prominently in the recommendation. *See* Docket No. 73 at 12-13. The filing also requests "permission to seek appeal of this ruling to the court of appeals." *Id.* at 4. As Mr. Pittman is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Based on the statements made in Mr. Pittman's "reply," the Court construes the filing as an objection to the magistrate judge's recommendation.

2

claims, leaving only individual capacity claims.  Docket No. 26 at 2.[2]  The remaining defendants then moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the second amended complaint for failure to state a claim.  Docket No. 50.  The Court granted that motion, finding that, because Mr. Pittman failed to allege the violation of a clearly established right under the Eighth Amendment, the defendants were entitled to qualified immunity.  Docket No. 61 at 10 (recommendation); Docket No. 63 at 8 (ordering accepting recommendation).  The Court dismissed Mr. Pittman's claims without prejudice.  Docket No. 63 at 8.

On October 16, 2024, Mr. Pittman filed his third amended complaint, Docket No. 64, which is the operative complaint.[3]  Plaintiff alleges that, since mid-July 2022, defendants have denied him the purportedly required four hours of social time, seven days per week, and the minimum three hours of outside exercise time per week, in violation of Administrative Regulation ("AR") 600-09.  Docket No. 64 at 6.  Mr. Pittman claims that he received 70 hours of outdoor, out-of-cell exercise time between July 2022 and May 2023.  *See id.* at 6-7.  Mr. Pittman states that his prison cell has no window, "no programs" were provided, that the library "was limited to maybe once every 2 months if [he] was lucky."  *Id.* at 6.  As a result of these conditions, Mr. Pittman states that "[t]he continuous time locked in a cell caused [his] mental health issues to worsen"

---

[2] Judge Babcock ordered the severing of certain defendants based on Judge Prose's finding that the claims against those defendants involved "conduct that occurred at different CDOC facilities, under different correctional management."  *See* Docket No. 24 at 9.  The case against those defendants is ongoing as case No. 23-cv-03282-DDD-KAS.

[3] When the Court dismissed Mr. Pittman's second amended complaint, it stated that Mr. Pittman would need to file a motion seeking leave to amend before filing another complaint.  Docket No. 63 at 7-8.  Mr. Pittman did not file a motion for leave to amend before filing the operative complaint.

3

and that he experiences frequent headaches, dizziness, hallucinations, anxiety, panic attacks, muscle loss, muscles "hurting," and high blood pressure. *Id.* at 7-9. Mr. Pittman alleges that his "T.B.I., I.E.D., and P.T.S.D." have worsened. *Id.* at 7.

Mr. Pittman's third amended complaint sues defendants in their individual capacities and also reasserts the previously dismissed individual capacity claims. *Id.* at 2-5. Mr. Pittman requests a declaration that his constitutional rights were violated, compensatory damages in an amount of "$300,000 against each defendant jointly and severally," as well as "punitive damages in the amount of $500,000 against each defendant jointly and severally." *Id.* at 11. Mr. Pittman alleges that the defendants served in supervisory roles within the housing unit, making them responsible for "daily operations of the living situation." *Id.* at 7.

Judge Starnella's recommendation explained that an Eighth Amendment conditions-of-confinement claim has two prongs, an objective prong and a subjective prong, Docket No. 73 at 6-7, and found that Mr. Pittman failed to plead facts that would satisfy either prong. *Id.* at 8-13. As to the objective prong, Judge Starnella noted that, accepting as true Mr. Pittman's allegation that he only received 70 hours of outdoor time over a 47-week period, Mr. Pittman received, on average, approximately 1.5 hours of outdoor time each week. *Id.* at 9. Judge Starnella found that, based on the applicable case law, such an allegation did not satisfy the objective prong. *Id.*

Judge Starnella then found that, even if Mr. Pittman had satisfied the objective prong, he failed to plead facts that would satisfy the subjective prong because he failed to plead that defendants had a sufficiently culpable state of mind – in other words, that

4

Mr. Pittman failed to plead that the defendants acted with deliberate indifference. *Id.* at 12-13.

The recommendation then turned to the issue of supervisory liability. *Id.* at 13. Judge Starnella explained that one of the elements of a supervisory liability claim is the existence of a constitutional violation. *Id.* Judge Starnella found that, because Mr. Pittman failed to allege a constitutional violation, he therefore also failed to allege an element of supervisory liability. *Id.* Judge Starnella thus recommended that Mr. Pittman's Eighth Amendment claim be dismissed.[4]

Judge Starnella recommended that the claim be dismissed with prejudice. Judge Starnella found dismissal with prejudice to be appropriate given the fact that Mr. Pittman demonstrated an understanding of the elements of a conditions-of-confinement claim and yet still did not, over the course of four complaints, plead facts supporting those elements. *Id.* at 15. Judge Starnella thus concluded that it was obvious that Mr. Pittman could not prevail on the facts that he had alleged and that it would be futile to give him another opportunity to amend his complaint. *Id.*

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection

---

[4] Judge Starnella also found that, even if Mr. Pittman had stated a claim, defendants were entitled to qualified immunity based on a lack of clearly established law existing at the time of the alleged violation that established the constitutional infirmity of defendants' actions. Docket No. 73 at 14.

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review. Fed. R. Civ. P. 72(b). Because Mr. Pittman is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall*, 935 F.2d at 1110 (10th Cir. 1991).

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds

6

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.  ANALYSIS

The Court construes Mr. Pittman as raising five objections.  *See* Docket No. 74 at 1-4.

#### A. Objection One

Mr. Pittman's first objection is that "it has just come to his attention that CDOC was under a settlement agreement since on or about November 3, 2015," and that "on or about the time my claims of cruel and unusual punishment, deliberate indifference,

7

[and] Eighth Amendment violations are validated." *Id.* at 1. Mr. Pittman then states that "[f]or these above reasons this court should apply the plain error rule and set these issues for trial by jury. Furthermore this also addresses the subjective prong, supervisory liability." *Id.*

The Court is unable to understand what objection Mr. Pittman is attempting to make. It is possible that he believes that some prior settlement agreement demonstrates that defendants were on notice as to the wrongfulness of the actions that Mr. Pittman alleged. In any event, Mr. Pittman does not identify the settlement agreement by either case name or number, leaving the Court unable to review the supposed agreement and assess whether the facts of that agreement in any way support Mr. Pittman's case. An objection must be specific, *see One Parcel*, 73 F.3d at 1059, and the Court will overrule Mr. Pittman's objection for a lack of specificity. Moreover, a matter that has "just come to [Mr. Pittman's] attention" is not an appropriate topic to raise in an objection, because issues raised for the first time in an objection are deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). For this reason, too, the Court will overrule the first objection.

### B. Objection Two

Mr. Pittman's second objection raises his discontent with a previous order of the Court denying a motion in which Mr. Pittman sought injunctive relief. Docket No. 74 at 2. The purpose of an objection is to obtain the Court's review of the magistrate judge's recommended disposition. *See* Fed. R. Civ. P. 72(b)(3) (stating that a district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see also One Parcel*, 73 F.3d at 1059 (holding that an objection must enable the district judge to focus attention on the issues at the heart of the

8

dispute). Mr. Pittman's effort to raise, through an objection, an issue unrelated to the magistrate judge's recommendation and the associated motion to dismiss is not appropriate. The Court will overrule this objection.

### C. Objection Three

Mr. Pittman's third objection relates to the question of whether he received a constitutionally adequate amount of outdoor time. See Docket No. 74 at 2-3. Mr. Pittman lists several cases supporting the proposition that the denial of outdoor time may amount to a constitutional violation. See id. He argues that, given the "substantial agreement" among these cases, he has "properly stated a claim that against each of these defendants in their individual capacity. Id. at 3. The Court understands this argument to be focused on Judge Starnella's finding that Mr. Pittman failed to plead adequate facts to satisfy the objective prong of a conditions-of-confinement claim. See Docket No. 73 at 8-11.

Under the objective prong of this analysis, Mr. Pittman has the "burden of alleging conditions sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities or subject him to a substantial risk of serious harm." Sperry v. Wildermuth, 2020 WL 7770932, at *4 (D. Kan. Dec. 30, 2020) (citation omitted), rev'd on other grounds by 2022 WL 946936 (10th Cir. Mar. 30, 2022). Mr. Pittman is correct that the cases he cites support the proposition that the denial of outdoor time to a prisoner can, in certain circumstances, be sufficiently serious as to amount to a constitutional violation. See, e.g., Anderson v. Colorado, 887 F. Supp. 2d 1133, 1139 (D. Colo. 2012); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 810 (10th Cir. 1999); Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987). As Judge Starnella explained, however, these cases do not stand for the proposition that the amount of

9

outdoor time Mr. Pittman received – averaging approximately 1.5 hours a week – amounts to a constitutional violation. See Docket No. 73 at 8-11. Instead, those cases found violations in instances where a prisoner had been denied outdoor time entirely for months or even years on end. Compare Anderson, 887 F. Supp. 2d at 1139 (finding a denial of outdoor exercise for 12 years to be a constitutional violation), and Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994) (holding that an inmate receiving only thirty minutes of outdoor time in a three-month period was a violation), with Bailey, 828 F.2d at 653 (holding that one hour of outdoor exercise per week was not, without more, a constitutional violation). The Court agrees with Judge Starnella's analysis and finds that Mr. Pittman's complaint fails to satisfy the objective prong of the conditions-of-confinement analysis. The Court will therefore overrule this objection.[5]

### D. Objection Four

Mr. Pittman's fourth objection is not really an objection, but rather a statement and an unrelated request for court action. Mr. Pittman states that he "is a member of a up and coming class action and wished to consolidate in accordance with Federal Rule of Civil Procedure 42(a) to the Informal Dispute Notice RE: Decoteau v. Raemisch." Docket No. 74 at 3.

As the Court has already explained, the purpose of an objection is to address issues found within the magistrate judge's recommendation. The Court finds the issue

---

[5] The Court notes that, even if it disagreed with the recommendation's analysis on the objective prong, the Court would still have grounds to dismiss Mr. Pittman's complaint. The recommendation found that Mr. Pittman failed to allege sufficient facts in support of the subjective prong of the conditions-of-confinement analysis and that, in any event, the defendants were entitled to qualified immunity. Docket No. 73 at 12-14. Mr. Pittman has not objected to those parts of the recommendation, nor has the Court found "clear error on the fact of the record."

regarding the class-action case to be unrelated to the recommendation and will therefore overrule this objection.

### E. Objection Five

Mr. Pittman's fifth objection is his statement that "[t]o add further insult no comprehensive mental health assistance is available [which] is required under ADA policy." *Id.* As with the previous objection, it is not clear whether this is an objection. The magistrate judge's recommendation says nothing about mental healthcare. Neither does Mr. Pittman's third amended complaint. The Court will therefore overrule this objection for being unrelated to the case.

### F. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See Fed. R. Civ. P. 72(b)*, Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.[6]

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 73] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Reply to Motion to Dismiss for Immunity [Docket No. 74], construed as an objection to the magistrate judge's recommendation, is **OVERRULED**. It is further

---

[6] At the end of Mr. Pittman's objection, he requests "permission to seek appeal of this ruling to the court of appeals." Docket No. 74 at 4. Mr. Pittman does not need the Court's permission in order to file an appeal.

11

**ORDERED** that Defendants' Motion to Dismiss Third Amended Complaint Under Fed. R. Civ. P. 12(b)(6) [Docket No. 68] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Third Amended Complaint [Docket No. 64] is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**.  It is further

**ORDERED** that this case is closed.


DATED September 4, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge